**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JONELL DOUGLAS,

                          Plaintiff,

    - against –

HELPING U HOMECARE, INC.,

                       Defendant.
---------------------------------------------------------------X

Case No.

**CLASS ACTION**
**COMPLAINT**

       Plaintiff Jonell Douglas ("Plaintiff") by her attorneys, The Law Office of Joshua P. Frank, PLLC and The Scher Law Firm, LLP, hereby complains of Defendant Helping U Homecare, Inc. ("Defendant"), upon information and belief, as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiff Jonell Douglas brings this action on behalf of herself and all similarly situated current and former non-exempt employees of the Defendant, pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201, 207, and 255, *et seq.* ("FLSA"), The New York Labor Law §§ 170, 190, 191, 195, 198, *et seq.* ("NYLL"), and Title 12 New York Codes, Rules, and Regulations §§ 142-2.2 and 142-2.4, *et seq.* ("NYCRR") to recover damages for Defendant's willful failure to pay Plaintiff, and all similarly situated current and former non-exempt "Home Health Aides," for (1) all regular hours worked, (2) the overtime premium rate for all hours worked in excess of forty (40) hours in a workweek, and (3) an additional hour of pay for any day in which the spread of hours exceeded ten (10) hours and/or in which there was a split shift and, finally, (4) penalty damages for Defendant's failure to provide the wage notices and pay statements required by "The Wage Theft Prevention Act" (NYLL § 195(1a)(2) and (3)).

2.      Furthermore, the Plaintiff seeks to recover damages pursuant to the FLSA, § 215(a)(3), and the NYLL, § 215(1)(a), to redress Defendant's termination of Plaintiff's employment, which Defendant carried out in retaliation for Plaintiff's complaint regarding Defendant's unlawful wage practices.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is proper under § 216(b) of the FLSA and 28 U.S.C. §§ 1331 and 1343.

4.      This Court has supplemental jurisdiction over Plaintiff's NYLL and NYCRR claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(1) and (2), in that Defendant's headquarters is located in the Southern District and, moreover, because a substantial part of the events or omissions giving rise to the subject claims took place within the Southern District.

## PARTIES

6.      Plaintiff Jonell Douglas is a resident of the State of New York and County of New York.

7.      At all times relevant, the Plaintiff was employed by the Defendant as a "Home Health Aide."

8.      Defendant Helping U Homecare, Inc. is, upon information and belief, a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal executive office located at 111 East 125th Street, 1st Floor, New York, New York 10035.

9.      At all times relevant, the Defendant operated as a Licensed Home Care Services Agency, providing home care services in Manhattan, The Bronx, Brooklyn, Queens, Staten Island as well as in Nassau, Suffolk, and Westchester counties.

10.     At all times relevant, the Defendant had the power to, and was responsible for, determining the wages to be paid to the Plaintiff and all similarly situated employees.

11.     At all times relevant, the Defendant had the power to, and did in fact, establish the terms of Plaintiff's employment, including Plaintiff's schedule and rate of pay.

12.     Upon information and belief, at all times relevant, the Defendant has generated more than $500,000.00 per annum in gross revenue.

## MATERIAL FACTS

13.     On or about November 20, 2016, Plaintiff Jonell Douglas commenced her employment with the Defendant as a "Home Health Aide," receiving a salary of $11.00 per hour.

14.     At all times relevant, the Plaintiff performed homecare services at various patients' residences throughout New York, Kings, and Queens Counties.

15.     *Inter alia*, the Plaintiff's homecare duties included assisting patients with activities of daily living and matters of hygiene as well as supervising patients in order to detect potential medical issues.

16.     Despite Plaintiff's dedication and strong work ethic, throughout Plaintiff's employment, the Defendant failed to compensate the Plaintiff, and those similarly situated, for a portion of regular hours worked, certain overtime hours worked, as well as the additional hour of pay (at the basic minimum hourly wage rate) required for any day in which an employee works more than 10 hours and/or in which an employee works a "split shift."

17.     Furthermore, Defendant's foregoing wage violations have been willful.

18.     Not only has the Plaintiff complained to Defendant multiple times of such violations throughout her employment, but there has already been one prior lawsuit filed in this Court against the Defendant for unlawful wage practices (<u>Margaret Hendricks-Arjune v. Helping U Homecare, Inc., *et al.*</u>, Case No. 17-cv-06071, [S.D.N.Y. 2017]).

19.     Moreover, the Defendant has persistently violated the provisions of "The Wage Theft Prevention Act," NYLL § 195, by failing to provide the Plaintiff, and those similarly situated, with the Act's required initial wage information notice, notification of updates to the information required to be set forth in said initial notice, as well as with consistent pay statements.

20.     Specifically, the Plaintiff did not receive the aforementioned wage information notice, nor did she receive pay statements for certain weeks of her employment.  Furthermore, the pay statements she did receive were sometimes inaccurate vis-à-vis the number of hours worked and/or the applicable rate of pay.

21.     Additionally, throughout Plaintiff's employment, she and other "Home Health Aides" often worked either in excess of 10 hours in a given day and/or worked a "split shift" (more than one shift in a day, separated by varying gaps in time).

22.     In violation of the NYCRR, § 142-2.4, however, the Defendant failed to compensate the Plaintiff, and those similarly situated, for days in which more than 10 hours were worked and/or in which there was a "split shift," with the required additional hour of pay at the basic minimum hourly wage rate.

23.     Finally, as set forth in detail below, the Defendant has willfully failed to compensate the Plaintiff for a portion of her regular hours worked as well as for certain overtime hours she worked.

24.     Upon information and belief, the Defendant has willfully failed to so compensate Defendant's other "Home Health Aides".

**Plaintiff's Employment and Pay History for 2017**

25.     The Plaintiff worked fifty-four (54) hours for the Defendant from February 12, 2017 through February 18, 2017.  The Defendant failed to pay Plaintiff for the fourteen (14) hours she worked in excess of forty (40) hours at her overtime hourly rate of $16.50.

26.     Instead, the Defendant paid Plaintiff at her regular hourly rate of $11.00 for those fourteen (14) hours.  Therefore, Defendant underpaid Plaintiff in the amount of $77.00 for her work performed this week.

27.     The Plaintiff worked sixty (60) hours for Defendant from February 19, 2017 through February 25, 2017.  The Defendant failed to pay the Plaintiff for the twenty (20) hours she worked in excess of forty (40) hours at her overtime hourly rate of $16.50.

28.     Instead, the Defendant paid the Plaintiff at her regular hourly rate of $11.00 for those twenty (20) hours.  Therefore, Defendant underpaid Plaintiff in the amount of $110.00 for her work performed this week.

29.     The Plaintiff worked sixty (60) hours for Defendant from July 30, 2017 through August 5, 2017.  The Defendant failed to pay the Plaintiff for the twenty (20) hours she worked in excess of forty (40) hours at her overtime hourly rate of $16.50.

30.     Instead, the Defendant paid the Plaintiff at her regular hourly rate of $11.00 for those twenty (20) hours.  Therefore, Defendant underpaid Plaintiff in the amount of $110.00 for her work performed this week.

31.     The Plaintiff worked fifty-six (56) hours for Defendant from December 10, 2017 through December 16, 2017.  The Defendant, however, only paid the Plaintiff for twenty-two (22) hours at her regular hourly rate of $11.00.

32.     Therefore, the Defendant failed to pay the Plaintiff for eighteen (18) hours of regular time and sixteen (16) hours of overtime for a total underpayment of $462.00.

33.     The Plaintiff worked fifty-four (54) hours for Defendant from December 24, 2017 through December 30, 2017.  The Defendant, however, only paid the Plaintiff for thirteen (13) hours at her regular hourly rate of $11.00.

34.     Therefore, the Defendant failed to pay the Plaintiff for twenty-seven (27) hours of regular time and fourteen (14) hours of overtime for a total underpayment of $528.00.

35.     Upon information and belief, the foregoing constitutes only a portion of Defendant's wage violations with respect to Plaintiff's employment in 2017.

**Plaintiff's Employment and Pay History for 2018**

36.     The Plaintiff worked sixty-seven (67) hours for Defendant from December 31, 2017 through January 6, 2018.  Instead of paying the Plaintiff at the applicable hourly minimum rate of $13.00 for her regular hours worked, Defendant paid Plaintiff at the hourly rate of $11.00 for the first twenty-three (23) hours Plaintiff worked.

37.     Moreover, instead of paying the Plaintiff her regular hourly rate of $13.00 for the remaining seventeen (17) hours of her regular workweek, the Defendant paid Plaintiff $13.00 per hour for the next forty (40) hours of her workweek.

38.     Therefore, the Defendant failed to pay the Plaintiff for twenty-three (23) hours of overtime work at the overtime hourly rate of $19.50.  (The Defendant did pay Plaintiff for the

four (4) remaining overtime hours at the overtime hourly rate of $19.50).  Therefore, the Defendant underpaid Plaintiff in the amount of $195.50.

39.     The Plaintiff worked forty-three (43) hours for Defendant from January 21, 2018 through January 27, 2018.  The Defendant failed to pay the Plaintiff for the three (3) hours she worked in excess of forty (40) hours at her overtime hourly rate of $19.50.

40.     Instead, the Defendant paid the Plaintiff at her regular hourly rate of $13.00 for those three (3) hours.  Therefore, Defendant underpaid Plaintiff in the amount of $19.50 for her work performed this week.

41.     The Plaintiff worked thirty-eight (38) hours for Defendant from March 11, 2018 through March 17, 2018.  The Defendant, however, only paid the Plaintiff for thirty-four (34) hours at her regular hourly rate of $13.00.

42.     Therefore, the Defendant failed to pay the Plaintiff for four (4) hours of regular time for a total underpayment of $52.00.

43.     The Plaintiff worked fifty-seven (57) hours for Defendant from August 19, 2018 through August 25, 2018.  The Defendant, however, only paid the Plaintiff for seven (7) hours of overtime work at the overtime hourly rate of $19.50.

44.     Therefore, the Defendant failed to pay the Plaintiff for ten (10) hours of overtime for a total underpayment of $195.00.

45.     The Plaintiff worked forty-four (44) hours for Defendant from August 26, 2018 through September 1, 2018.  The Defendant, however, only paid the Plaintiff for twelve (12) hours at her regular hourly rate of $13.00.

46.     Therefore, the Defendant failed to pay the Plaintiff for twenty-eight (28) hours of regular time and four (4) hours of overtime at the overtime hourly rate of $19.50, for a total underpayment of $286.00.

47.     The Plaintiff worked twenty-six (26) hours for Defendant from October 21, 2018 through October 27, 2018.  The Defendant, however, only paid the Plaintiff for sixteen (16) hours at her regular hourly rate of $13.00.

48.     Therefore, the Defendant failed to pay the Plaintiff for ten (10) hours of regular time for a total underpayment of $130.00.

49.     The Plaintiff worked fifty-two (52) hours for Defendant from October 28, 2018 through November 3, 2018.  The Defendant, however, inexplicably paid the Plaintiff for forty-two (42) hours at her regular hourly rate of $13.00 as well as four (4) hours at the hourly rate of $15.00.  Additionally, Defendant paid Plaintiff for two (2) hours of overtime work at the overtime hourly rate of $19.50.

50.     Therefore, the Defendant underpaid Plaintiff in the amount of $31.00.

51.     The Plaintiff worked fifty-nine (59) hours for Defendant from November 4, 2018 through November 10, 2018.  The Defendant, however, only paid the Plaintiff for twenty-three (23) hours of work at her regular hourly rate of $13.00.

52.     Therefore, the Defendant failed to pay the Plaintiff for seventeen (17) hours of work at her regular hourly rate as well as for nineteen (19) hours of overtime work at the overtime hourly rate of $19.50, for a total underpayment of $292.50.

53.     The Plaintiff worked fifty-nine (59) hours for Defendant from November 11, 2018 through November 17, 2018.  The Defendant, however, only paid the Plaintiff for twenty-two (22) hours of work at her regular hourly rate of $13.00.

54.     Therefore, the Defendant failed to pay the Plaintiff for eighteen (18) hours of work at her regular hourly rate as well as for nineteen (19) hours of overtime work at the overtime hourly rate of $19.50, for a total underpayment of $318.50.

55.     The Plaintiff worked thirty-nine (39) hours for Defendant from November 18, 2018 through November 24, 2018.  The Defendant, however, only paid the Plaintiff for thirty-four and-a-half (34.5) hours at her regular hourly rate of $13.00.

56.     Therefore, the Defendant failed to pay the Plaintiff for four and-a-half (4.5) hours of regular time for a total underpayment of $58.50.

57.     The Plaintiff worked fifty-four (54) hours for Defendant from December 9, 2018 through December 15, 2018.  The Defendant, however, inexplicably paid the Plaintiff for forty-eight (48) hours of work at her regular hourly rate of $13.00 plus an additional six (6) hours of work at the hourly rate of $14.00.

58.     The Defendant should have paid the Plaintiff for forty (40) hours of work at her regular hourly rate of $13.00 plus fourteen (14) hours of overtime at the overtime hourly rate of $19.50.  Therefore, Defendant underpaid Plaintiff in the amount of $85.00.

59.     The Plaintiff worked forty-five (45) hours for Defendant from December 23, 2018 through December 29, 2018.  The Defendant, however, inexplicably paid the Plaintiff for thirty-four and-a-half (34.5) hours at her regular hourly rate of $13.00 as well as for two (2) hours of overtime work at the overtime hourly rate of $19.50.

60.     The Defendant should have paid the Plaintiff for forty (40) hours of work at her regular hourly rate of $13.00 plus five (5) hours of overtime at the overtime hourly rate of $19.50.  Therefore, Defendant underpaid Plaintiff in the amount of $130.00.

61.     Upon information and belief, the foregoing constitutes only a portion of Defendant's wage violations with respect to Plaintiff's employment in 2018.

**Plaintiff's Employment and Pay History for 2019**

62.     The Plaintiff worked eighteen (18) hours for Defendant from December 30, 2018 through January 5, 2019.  The Defendant, however, only paid the Plaintiff for five and-a-half (5.5) hours at the applicable regular hourly rate of $15.00.

63.     Therefore, the Defendant failed to pay the Plaintiff for twelve and-a-half (12.5) hours of regular time for a total underpayment of $187.50.

64.     The Plaintiff worked twenty-seven and-a-half (27.5) hours for Defendant from January 6, 2019 through January 12, 2019.  The Defendant, however, only paid the Plaintiff for twenty-one and-a-half (21.5) hours at the regular hourly rate of $15.00.

65.     Therefore, the Defendant failed to pay the Plaintiff for six (6) hours of regular time for a total underpayment of $90.00.

66.     The Plaintiff worked fifty-nine (59) hours for Defendant from March 17, 2019 through March 23, 2019.  The Defendant, however, paid the Plaintiff at her regular hourly rate of $15.00 for all fifty-nine (59) hours.

67.     Therefore, the Defendant failed to pay the Plaintiff for nineteen (19) hours at the overtime hourly rate of $22.50 for a total underpayment of $142.50.

68.     Upon information and belief, the foregoing constitutes only a portion of Defendant's wage violations with respect to Plaintiff's employment in 2019.

**The Defendant's Retaliatory Termination of Plaintiff's Employment**

69.     On or about May 6, 2019, the Plaintiff complained to Coordinator "Alexandra" and an accompanying male whose identity remains unknown to Plaintiff, regarding: (a) the

perennial issue of Defendant's repeated failure to compensate Plaintiff for certain of her regular hours worked; (b) failure to pay certain portions of her overtime hours worked; (c) Defendant's misplacement of a portion of Plaintiff's timesheets; and (d) Defendant's failure to compensate Plaintiff for her recent vacation days.

70.     Throughout her employment, the Plaintiff never received any write-up and/or criticism of her job performance.

71.     However, just four days following Plaintiff's complaint regarding Defendant's wage violations, the Defendant retaliated against the Plaintiff by terminating her employment.

72.     After nearly two and-a-half years of dedicated service to the Defendant, an employee named "Cellini" telephoned the Plaintiff on May 10, 2019 and told the Plaintiff she was terminated and that she should leave the patient's residence at which she had been working.

73.     The Defendant terminated Plaintiff's employment in retaliation for Plaintiff's aforementioned complaint regarding Defendant's unlawful wage practices.

## COLLECTIVE ACTION ALLEGATIONS

74.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claims on behalf of herself and all other "Home Health Aides" who were, and/or remain, employed by the Defendant at any time during the period from July 22, 2016 to the date of final judgment in this lawsuit.

75.     The aforementioned "Home Health Aides" are similarly situated in terms of their job duties and because they are all subject to a common policy with respect to Defendant's failure to pay lawful wages.

76.     Upon information and belief, the similarly situated "Home Health Aides" have not been paid for portions of their regular weekly hours worked, portions of their overtime hours worked at the applicable overtime hourly rate, or the required additional hour of minimum wage

pay for days in which they worked in excess of 10 hours and/or in which they worked a "split

shift."

77.     All of the aforementioned similarly situated employees would benefit from this

Court's issuance of a notice of this lawsuit so that such employees may join this lawsuit.

78.     Defendant is aware of the aforementioned similarly situated "Home Health

Aides," whose identities can be ascertained by way of Defendant's records.

## CLASS ACTION ALLEGATIONS

79.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings

her state law claims on behalf of herself and all other "Home Health Aides" who were, and/or

remain, employed by the Defendant at any time during the period from July 22, 2013 to the date

of final judgment in this lawsuit, and seeks class certification for all such similarly situated

employees.

80.      All of the aforementioned similarly situated employees would benefit from this

Court's issuance of a notice of this lawsuit so that such employees may join this lawsuit.

81.     The proposed class is so numerous that joinder of all class members is

impracticable.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, questions of law and

fact common to class members take priority over such questions pertinent only to individual

members.  Moreover, a class action is superior to other available methods for the fair and

efficient adjudication of the present controversy.

82.     There are questions of law and fact common to all members of the proposed class,

including: (1) whether the Defendant failed to pay "Home Health Aides" for a portion of their

regular hours worked as required by the NYLL and NYCRR; (2) whether the Defendant failed to

pay "Home Health Aides" for portions of their overtime hours worked at the overtime rate of one

and one-half times their regular rate of pay as required by the NYLL; (3) whether the Defendant

failed to pay "Home Health Aides" the additional hour of pay required for any day in which they

worked more than 10 hours and/or in which they worked a "split shift" as required by the

NYCRR; (4) whether the Defendant acted willfully with respect to the foregoing wage

violations; and (5) whether the Defendant failed to provide the required wage notices and pay

statements to "Home Health Aides" as mandated by the NYLL ("The Wage Theft Prevention

Act").

83.    Plaintiff and her counsel will fairly and adequately protect the interests of all class

members with respect to this civil action.

### AS A FIRST CAUSE OF ACTION
### UNDER THE FLSA
### (FAILURE TO PAY OVERTIME WAGES)

84.    Plaintiff repeats and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

85.    Defendant willfully employed Plaintiff for workweeks longer than forty (40)

hours and failed to compensate Plaintiff for a portion of such overtime hours worked at a rate of

at least one-and-one-half times the regular hourly rate at which she was compensated.

86.    Therefore, the Defendant failed to pay overtime wages to Plaintiff, and those

similarly situated, as required by the FLSA, 29 U.S.C. § 201, *et seq*., and its implementing

regulations.

87.    The Defendant's failure to pay Plaintiff, and those similarly situated, overtime

pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. § 207.

88.    Moreover, the Defendant's failure to pay proper overtime wages for every hour

worked in excess of forty (40) hour per week was willful within the meaning of 29 U.S.C. § 255.

89.     The Defendant's failure to comply with the FLSA has caused Plaintiff, and those similarly situated, to suffer a loss of wages.

90.     Due to Defendant's FLSA violations, Plaintiff, and those similarly situated, are entitled to recover from Defendant their unpaid overtime wages in an amount to be determined at trial, plus an amount equal to one hundred percent of such unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to 29 U.S.C. § 216(b).

**AS A SECOND CAUSE OF ACTION**
**UNDER THE NYLL**
**(FAILURE TO PAY OVERTIME WAGES)**

91.     Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

92.     The Defendant employed Plaintiff, and those similarly situated, within the meaning of NYLL §§ 2, 190, and 651.

93.     The Defendant has failed to pay Plaintiff, and those similarly situated, the required premium for a portion of hours worked in excess of forty (40) hours per week, in violation of NYLL § 170.

94.     Therefore, the Defendant has also violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

95.     Defendant's failure to comply with the NYLL overtime pay requirements has caused Plaintiff, and those similarly situated, to suffer loss of wages and interest thereon.

96.     The Defendant's failure to pay proper overtime wages is willful.

97.     Due to Defendant's NYLL violations, Plaintiff, and those similarly situated, are entitled to recover from Defendant their unpaid overtime wages in an amount to be determined at

trial, plus an amount equal to one hundred percent of such unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to NYLL § 198.

**AS A THIRD CAUSE OF ACTION
UNDER THE NYLL
(FAILURE TO PAY EARNED WAGES)**

98.     Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

99.     NYLL § 191(1.d) requires that, "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

100.    As alleged in the factual averments of this Complaint, the Defendant failed to pay the Plaintiff her earned wages for a portion of the regular hours the Plaintiff worked, in violation of NYLL §§ 190(1) and 191(1.d).

101.    Upon information and belief, the Defendant has similarly failed to pay other "Home Health Aides" for a portion of the regular hours they worked.

102.    Due to Defendant's NYLL violations, Plaintiff, and those similarly situated, are entitled to recover from Defendant all of their unpaid earned wages in an amount to be determined at trial, plus an amount equal to one hundred percent of such unpaid earned wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL § 198 (1-a.).

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NYCRR
## (FAILURE TO PAY WAGES FOR SPREAD OF HOURS AND SPLIT SHIFTS)

103.    Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

104.    Title 12 NYCRR § 142-2.4 requires that, "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part, for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

105.    The Plaintiff, and all similarly situated employees, commonly worked in excess of 10 hours in a day and/or worked a "split shift" in a single day.

106.    The Defendant, however, willfully failed to pay the Plaintiff, and those similarly situated, the aforementioned additional hour of pay at the basic minimum hourly wage rate for any such days, in violation of Title 12 NYCRR § 142-2.4.

107.    Due to Defendant's NYCRR violations, Plaintiff, and those similarly situated, are entitled to recover from Defendant all unpaid wages, in an amount to be determined at trial, for days in which more than 10 hours were worked and/or in which there were "split shifts," plus liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post-judgment interest.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NYLL
## ("THE WAGE THEFT PREVENTION ACT")

108.    Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

109.    The Wage Theft Prevention Act mandates, in pertinent part, that, "Every employer shall:

> 1. (a) provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section  one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. . . .  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay;
>
> 2. notify his or her employees in writing of any changes to the information set forth in subdivision one of this section, at least seven calendar days prior to the time of such changes, unless such changes are reflected on the wage statement furnished in accordance with subdivision three of this section;
>
> 3. furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."  NYLL § 195.

110.    The Defendant failed to provide Plaintiff with the above required notices and statements, in violation of NYLL § 195(1a)(2) and (3).

111.    Upon information and belief, the Defendant has failed to provide said notice and statements to its other "Home Health Aides."

112.   In accordance with NYLL § 198(1-b), Defendant is liable to the Plaintiff, and those similarly situated, for damages equal to $50.00 per workday that Defendant violated NYLL § 195(1) (up to a limit of $5,000.00 per employee).

113.   Due to the duration of Plaintiff's employment with the Defendant, the Plaintiff is entitled to damages in the amount of $5,000.00, along with reasonably attorneys' fees and costs.

114.   In accordance with NYLL § 198(1-d), Defendant is liable to the Plaintiff, and those similarly situated, for damages equal to $250.00 per workday that Defendant violated NYLL § 195(3) (up to a limit of $5,000.00 per employee).

115.   Due to the duration of Plaintiff's employment with the Defendant, the Plaintiff is entitled to damages in the amount of $5,000.00, along with reasonably attorneys' fees and costs.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE FLSA
### (RETALIATION)

116.   Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

117.   This claim is brought by the Plaintiff on an individual basis.

118.   Pursuant to 29 U.S.C. § 215(a)(3) of the FLSA, it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…"

119.   Plaintiff made a complaint to the Defendant on or about May 6, 2019 regarding its unlawful wage practices within the scope of § 215(a)(3) of the FLSA.

120.    Just four days later, on May 10, 2019, Defendant terminated Plaintiff's employment in retaliation for her complaint regarding Defendant's unlawful wage practices, in violation of § 215(a)(3) of the FLSA.

121.    Due to Defendant's retaliatory termination of Plaintiff's employment, Plaintiff is entitled to recover from Defendant all lost wages, interest, benefits, liquidated damages, plus interest, costs, and attorneys' fees as well as emotional distress damages.

**AS A SEVENTH CAUSE OF ACTION**
**UNDER THE NYLL**
**(RETALIATION)**

122.    Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

123.    This claim is brought by the Plaintiff on an individual basis.

124.    Pursuant to the NYLL § 215(1)(a), "No employer . . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner . . . or (vi) because such employee has otherwise exercised rights protected under this chapter…"

125.    Plaintiff made a complaint to the Defendant on or about May 6, 2019 regarding its unlawful wage practices within the scope of § 215(1)(a) of the NYLL.

126.    Just four days later, on May 10, 2019, Defendant terminated Plaintiff's employment in retaliation for her complaint regarding Defendant's unlawful wage practices, in violation of § 215(1)(a) of the NYLL.

127.    Due to Defendant's retaliatory termination of Plaintiff's employment, Plaintiff is entitled to recover from Defendant all lost wages, interest, benefits, liquidated damages, plus interest, costs, and attorneys' fees as well as emotional distress damages.

## JURY DEMAND

128.    Plaintiff Jonell Douglas hereby requests a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant, as follows:

A.    On the First and Second Causes of Action, awarding all overtime wages due, an additional award of one hundred percent of all overtime wages due, interest, costs, and reasonable attorneys' fees;

B.    On the Third Cause of Action, awarding all regular unpaid wages due, an additional award of one hundred percent of all regular unpaid wages due, interest, costs, and reasonable attorneys' fees;

C.    On the Fourth Cause of Action, awarding all "spread of hours" wages due, an additional award of one hundred percent of all "spread of hours" wages due, interest, costs, and reasonable attorneys' fees;

D.    On the Fifth Cause of Action, awarding up to $5,000.00 to Plaintiff and each class member for Defendant's violation of NYLL § 195(1) and up to $5,000.00 to Plaintiff and each class member for Defendant's violation of NYLL § 195(3);

E.    On the Sixth and Seventh Causes of Action, awarding Plaintiff damages for emotional distress, lost wages, back pay, front pay, benefits, and liquidated damages in an amount to be determined at the time of trial, plus interest, costs, and reasonable attorneys' fees;

F.      Awarding attorneys' fees, interest, penalties, and expenses incurred in the prosecution of this action; and

G.      Awarding such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.


Dated: Carle Place, New York
       July 22, 2019

                                        THE LAW OFFICE OF
                                        JOSHUA P. FRANK, PLLC

                              By:       _____
                                        **Joshua P. Frank, Esq.**
                                        1 Old Country Road, Suite 385
                                        Carle Place, NY  11514
                                        (516) 416-4444
                                        jfrank@jpfranklaw.com


Dated: Carle Place, New York
       July 22, 2019

                                        THE SCHER LAW FIRM, LLP

                              By:       _____
                                        **Austin Graff, Esq.**
                                        1 Old Country Road, Suite 385
                                        Carle Place, NY  11514
                                        (516) 746-5040
                                        agraff@scherlawfirm.com