UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONELL DOUGLAS,<br><br>        Plaintiff,<br><br>-v-<br><br><br>HELPING U HOME CARE, INC.,<br><br>        Defendant. | Civil No.: 1:19-cv-06798<br><br>Assigned: Hon. Andrew L. Carter, Jr. |

## SETTLEMENT AGREEMENT AND RELEASE

  Plaintiff Jonell Douglas, on behalf of herself and all of her heirs, executors, administrators, attorneys, and assigns (hereinafter, "Plaintiff"); and Defendant Helping U Home Care, Inc. ("Defendant"), on its own behalf, on behalf of its present and former directors, officers, partners, shareholders, agents, attorneys, owners, and insurers, and on behalf of all of its parent entities, subsidiaries, successors, related entities, assigns, heirs, executors, administrators, and attorneys ("Releasee"), hereby agrees upon this Settlement Agreement and General Release ("Agreement") as a resolution of all issues involved herein as follows:

  1. **Court Approval.** This Agreement is subject to Court approval and shall not become binding and effective until such time as this Agreement is approved by the Court. The Settlement Payment, referenced below in Paragraph 5, shall be paid via check, in accordance with Paragraph 8, and shall be delivered to Plaintiff's counsel within fourteen (14) days of the Court's approval of this Agreement, provided that Defendant's counsel has received a copy of (i) Plaintiff's executed Settlement Agreement and (ii) executed IRS Form W-9s on behalf of Plaintiff and Plaintiff's counsel.

  2. **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with her legal counsel, Joshua Frank (hereinafter "Plaintiff's Counsel"), and/or other advisors of her own choosing in order to obtain advice with respect to the terms of this Agreement. Plaintiff has had the opportunity to consider her counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

3. **No Admission of Liability**.  The Parties recognize that Defendant does not admit, and expressly denies, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Plaintiff's Complaint, filed in the United States District Court for the Southern District of New York and captioned above (the "Pending Action"), or which could have been raised in such suit, or which otherwise involves Plaintiff's employment relationship with Defendant and the separation or termination of Plaintiff's employment relationship with Defendant.

4. **Dismissal of Pending Action**.  For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action or any other causes of action against Defendant (with the exception of an action for breach of contract in the event this Agreement is breached by Defendant); and (3) not to institute any action against Defendant in any court or other forum based on allegations or claims existing prior to the date Plaintiff executes this Agreement, which are released as set forth in this Agreement.  The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein.

5. **Consideration**.

    A.   Defendant agrees to pay Plaintiff the sum of Twenty Thousand Dollars ($20,000.00), pursuant to the terms set forth in Section 8 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below.

    B.   The Parties acknowledge and agree that the Settlement Payment includes, but is not limited to, attorneys' fees, costs, penalties, interest, back wages, and liquidated damages.

6. **Release.**  In consideration of the promises, payments, and actions of Defendant set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date Plaintiff executes this Agreement, fully and forever releases, relieves, waives, relinquishes, and discharges Defendant from all claims, charges, actions or causes of action which she had, now has or hereafter may have against any Defendant or Releasee, arising under and/or asserted under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including any claims asserting retaliation under the FLSA and/or the NYLL.  The Parties hereby specifically acknowledge that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or the New York Labor Law.

7.     **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendant to Plaintiff pursuant to this Agreement. Although the Parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or Defendant are liable for any failure by Plaintiff to pay federal, state or local income or taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendant harmless for any such liability.

8.     **Payment**.

A.     In consideration of the promises of Plaintiff set forth herein, Defendant shall issue to Plaintiff's counsel, Joshua P. Frank, Esq., The Law Office of Joshua P. Frank, PLLC, 1 Old Country Road, Suite 385, Carle Place, NY 11514, the Settlement Payment set forth in Section 5 as a full and complete settlement and in final satisfaction of any and all claims pertaining to Plaintiff's employment with Defendant, forming the subject matter of the Pending Action, that Plaintiff has or may have against Defendant, through the date Plaintiff executes this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be payable as follows:

   i.   One check in the gross amount of Three Thousand Five Hundred Dollars and Fifty Cents ($3,500.50), payable to "Jonell Douglas" for alleged economic damages, less deductions and withholdings to be itemized on an accompanying paystub ledger, for which Defendant shall timely issue to Plaintiff an IRS Form W-2;

   ii.  One check in the amount of Nine Thousand Three Hundred Seventy-Two Dollars and Eighty-Four Cents ($9,372.84), payable to "Jonell Douglas" for alleged non-economic damages, for which Defendant shall timely issue to Plaintiff an IRS Form 1099; and

   iii. One check in the amount of Seven Thousand One Hundred Twenty-Six Dollars and Sixty-Six Cents ($7,126.66), payable to "The Law Office of Joshua P. Frank, PLLC" for Plaintiff's attorney's fees and costs, for which Defendant shall timely issue to Plaintiff's counsel an IRS Form 1099.

B.     Plaintiff and Plaintiff's counsel shall execute and deliver (by email or mail) to counsel for Defendant valid IRS Form W-9's upon signing this Agreement.

C.     Plaintiff shall file a stipulation of discontinuance with prejudice with the Court once the payment checks clear Plaintiff's and Plaintiff's Counsel's bank accounts.

3

9. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Southern District of New York. Plaintiff acknowledges that she has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

10. **Non-disparagement**. The parties will not disparage each other, or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against the other, except if testifying truthfully under oath pursuant to any lawful court order or subpoena or otherwise responding to or providing disclosures required by law.

11. **Liability in case of breach**. In the event a party believes the other party has failed to comply with any term of this Settlement Agreement, that party shall provide written notice to counsel for the other party detailing the claimed violation(s) or breach(es). Within fourteen (14) days receipt of that notice, the Parties' counsel will engage in good faith discussions to resolve the issue. Thereafter, if the Parties disagree on the matters set forth in the notice, they will settle the dispute by seeking appropriate legal and/or injunctive relief, whereupon the prevailing party is entitled to an award of its reasonable attorneys' fees and costs.

12. **Status of Settlement If Case Is Not Ultimately Dismissed**. In the event the Court does not dismiss the Pending Action, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to Plaintiff's execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

13. **Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein are not a mere recital but are also consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that, by and through counsel, they have collaborated on this Agreement and that they are executing this Agreement knowingly and voluntarily.

14. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning

the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

15. **No Modification except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

16. **No Waiver**. Failure by any party to enforce or seek to remedy any breach under this Agreement shall neither be construed as a waiver of any such rights nor shall a waiver by either party of any default be construed as constituting a continuing waiver or as a waiver of any other breach.

17. **Execution in Counterparts and Facsimile Signatures**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and/or transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall have the full force and effect of an original executed Agreement.

18. **Knowing and Voluntary Release of Claims.** Plaintiff acknowledges that:

    A. Plaintiff has carefully read this Settlement Agreement and fully understands its meaning;

    B. Defendant hereby advises Plaintiff in writing that Plaintiff should consult with an attorney before signing this Settlement Agreement, and Plaintiff acknowledges that she has in fact consulted with an attorney regarding this Agreement.

    C. Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

    D. Everything Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it.

19. **Severability**. Should any clause, sentence , provision, paragraph or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer , to execute this Agreement.

PLAINTIFF:

*[signature]*
_____

Date: ___06/14/2020_____

DEFENDANT:

_____

Date: _____

PLAINTIFF: _____

Date: _____

DEFENDANT: Helping U Homecare, Inc.
_____, Director of Operations
Date: 6/15/2020